**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

February 8, 2007

David J. Teklits
Gregory T. Donilon
Kevin M. Coen
Morris, Nichols, Arsht &
Tunnell LLP
1201 Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Counsel for Drs. Bruce N.
Garrett, M.D. and Sandra S.
Garrett, Ph.D.

Stuart M. Brown
Edwards Angell Palmer &
Dodge LLP
919 North Market Street
15th Floor
Wilmington, DE 19801

Counsel for The Series A
Preferred Stockholders

Michael R. Nestor
Joseph A. Malfitano
Donald J. Bowman, Jr.
Travis N. Turner
Young Conaway Stargatt &
Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Counsel for Debtor and
Debtor-in-Possession

Re:  Medifacts International, Inc.
     Case No. 07-10110(PJW)

Dear Counsel:

In reviewing the motion papers in connection with tomorrow's scheduled hearing on the Garretts' motion to dismiss the case, I pass on the following observations that suggest an alternative to deciding the numerous issues raised by the motion.

The Garretts' reply raises a number of issues, including: (1) whether the meeting notice was reasonable; (2) whether "another board meeting" means a "new meeting;" (3) whether the Garretts have third-party beneficiary rights in the Investor Rights Agreement; and (4) whether the Debtor had a financial reason in filing the petition. As to the latter point, I believe there is ample evidence to support the bona fides of the filing. As to the other items, I believe consideration should be given to "backing up" and proceeding in a manner which would correct any alleged infirmities.

With respect to whether the petition was filed to "cut-off" the Garretts' effort to seek an injunction in the Chancery Court in the pending matter, while I do not know what advice was given to the management of the Debtor or whether the possibility of the Garretts seeking such injunctive relief prompted the Sunday evening directors resolution, it is my view that had the petition not been filed on Sunday and had the Garretts sought relief (i.e., enjoining the filing of a petition) in the Chancery Court, they would not have been successful and if successful this Court could determine otherwise.

State courts do not have subject matter jurisdiction to hear a claim that a particular bankruptcy filing was an abuse of process under state law. Gonzales v. Parks, 830 F.2d 1033, 1035 (9th Cir. 1987); James v. Draper, 940 F.2d 46, 53-54 (3d Cir. 1991); and Koffman v. Osteoimplant Tech., Inc., 182 B.R. 115, 125

(D. Md. 1995). Since a state court clearly has no jurisdiction to interfere with a commenced bankruptcy proceeding, it seems to me to equally follow from the rationale discussed in these cases, that a state court would not have any authority to enjoin the filing of a petition. Indeed, the court in In re Corporate and Leisure Event Productions, Inc., 351 B.R. 724, 731 (Bankr. D. Az. 2006) so held. Given the factual differences involved, I do not view Esopus Creek Value LP v. Hauf, 913 A.2d 593 (Del. Ch. 2006) as supporting a contrary conclusion.

It seems to me that many of the contested issues scheduled for tomorrow's hearing could be resolved by having the Debtor "back up" and correct any alleged infirmities in the events leading up to the petition as follows:

(1) I see nothing which would preclude the Debtor and the Purchasers from amending the Investor Rights Agreement to address an appropriate revision of Section 4.2, or any other relevant section of that agreement.

(2) The management could give "reasonable" notice of a directors' meeting to address the issue of amending the Investor Rights Agreement and authorizing the filing of a bankruptcy petition. (Under the circumstances, I would expect that a few days notice would be "reasonable.")

(3) If Ms. Garrett shows up for the meeting, I assume that she would be outvoted. If she declines to attend, then I assume that

the Board could subsequently convene a "new" meeting. There may be other "corrective" measures that could be taken and I express no view on the merits of the issues raised by the Garretts.

Bankruptcy Rule 1009(a) provides that "[a] voluntary petition, list, schedule or statement may be amended by the debtor as a matter of course at any time before the case is closed." Such an amendment can remedy any alleged infirmities in the initial filing. Alternatively, perhaps a new petition could be filed and the present case could be dismissed.

It seems to me that all of this could be accomplished in a few days and we could then have a further hearing on whether the petition is justified on the grounds of financial distress.

While it may not be appropriate to characterize the issues we are addressing here as technical, it seems to me that the real issue in this case is whether the automatic stay should be lifted to allow the Chancery Court case to go forward in order to decide the merits of the Garretts' claim and possibly enjoin alternative bids, or leave the stay in effect and do the § 363 auction sale process with the Garretts being entitled to participate to the same extent as any other bidder. Or, it might be appropriate for the separate cases to proceed on parallel tracks. Of course, at this time I express no view on the lift stay issue.


5

    I suggest that counsel look into these matters and possibly we could have an abbreviated hearing tomorrow and I would make myself available to address the remaining issue sometime next week (other than Monday, February 12).

                                Very truly yours,

                                Peter J. Walsh

PJW:ipm